# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2594 | **DATE** | April 13, 2012 |
| **CASE TITLE** | Cross vs. Chase Bank, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this Order, Plaintiffs' complaint [1] is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiffs are ordered to file an amended complaint by May 15, 2012. Additionally, Plaintiffs' motion to proceed *in forma pauperis* [4] is denied without prejudice. Plaintiffs may file individual, complete financial affidavits by May 15, 2012 if they wish to renew their motion.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On April 9, 2012, Plaintiffs Charles L. Cross and Rebecca Taylor filed a complaint against Chase Bank and Chase Home Finance (Dkt. No. 1 ("Pls.' Compl.")), as well as a motion to proceed *in forma pauperis* and a motion for appointment of counsel. (Dkt. Nos. 4, 5.)

Requests to proceed *in forma pauperis* are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed *in forma pauperis* if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

The court notes that Plaintiffs[1] have filed a joint *in forma pauperis* application. Plaintiffs need only pay one fee, because the normal rule in civil litigation is one filing fee per suit, rather than per litigant. *See Sundstrom v. Frank*, No. 06-C-0112, 2006 WL 2038204, at *1 (E.D.Wis. 2006) (citing 28 U.S.C. § 1914(a)). However, Plaintiffs should file a separate application for each of them, as the manner in which the application was completed is confusing. The court cannot tell which Plaintiff's employment is referred to in Question 2, although Taylor completed and signed the financial affidavit. Additionally, in response to Question 2, Taylor indicates that she (or perhaps Cross) is employed by what appears to be a church or religious group, but lists the monthly income from that job as zero. In fact, Plaintiffs indicate that they have no source of support through employment, government aid, or other means.[2]

The court is skeptical that Plaintiffs have no source of support of any means, and points out that the affidavit is incomplete, as Plaintiffs have not answered Questions 5 and 6 relating to bank accounts and investments. In order for this court to evaluate Plaintiffs' application, the court must have complete and correct information about their financial status. Consequently, Plaintiffs' motion for leave to proceed *in*

**STATEMENT**

*forma pauperis* is denied without prejudice. Plaintiffs may each file complete *in forma pauperis* affidavits by May 15, 2012, at which time they may renew their motion. The court will consider their request for appointment of counsel at that time.

Additionally, the court points out that in its present form, Plaintiffs' complaint is vague and confusing. This is in part because the complaint is filled out on the form complaint for violations of constitutional rights, although what Plaintiffs actually allege appears to be related to an allegedly wrongful foreclosure of their home and perhaps a violation of the Truth in Lending Act. (Pls.' Compl. ¶¶ 9,10.)

Under the Federal Rules of Civil Procedure, a complaint must provide a short and plain statement of both the plaintiff's claims and the basis for this court's jurisdiction. Plaintiff's complaint includes neither, and as such is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiffs are given leave to file an amended complaint by May 15, 2012.

Plaintiff's complaint should describe what happened and when in short, numbered paragraphs that explain how the Defendants are responsible for the Plaintiffs' alleged injuries. Resources that may be helpful to Plaintiffs in formulating their complaint can be found on the court's website at http://www.ilnd.uscourts.gov/home/ProSe.aspx. Additionally, Plaintiffs may seek help in preparing their complaint from the Pro Se Assistance Program. This program operates by appointment only, and appointments may be made at the Clerk's Office Intake Desk, Dirksen Building, 219 S. Dearborn St., 20th floor, or by calling (312) 435-5691.

*James F. Holderman*

---

1. Plaintiffs' relationship is unclear, although they apparently are not spouses, based on the information disclosed in the financial affidavit included with their application for pauper status.

2. The court notes that Question 4 asks Plaintiffs to list their income or the income of anyone living in their residence from several sources. Plaintiffs note that a woman named Aurora Volkman earned $150.00 from self-employment, but it is not clear whether that is a weekly, monthly, or annual total.